# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WARREN K. GLADDEN,** | : | No. 3:08cv1180 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **PETE GEREN, Secretary, United States Department of Army,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is defendant's motion to dismiss the instant complaint (Doc. 6). Having been fully briefed, the matter is ripe for disposition.

**Discussion**

This case arises from plaintiff's application for employment at the Tobyhanna, Pennsylvania Army Depot. (Complaint (hereinafter "Complt.") (Doc. 1) at ¶ 8). Plaintiff submitted an application for a vacant position as Supervisory Electronics Engineer on August 30, 2006. (Id.). He submitted the application for two positions via an online resume database, RESUMIX, maintained by the defendant. (Id. at ¶¶ 7-8). Plaintiff met the eligibility requirements stated in the position announcements. (Id. at ¶ 9). Defendant directed plaintiff to use Applicant Notification System Web-Enabled Response ("ANSWER") to receive notification of changes in the status of his application. (Id. at ¶ 10). ANSWER is the only means for an applicant to keep track of his job status. (Id. at ¶ 11). The system dates each message regarding the

application according to the date that message was entered into ANSWER.  (Id. at ¶ 12).

A review by the agency determined that plaintiff was highly qualified for both positions, and on September 26, 2006 the defendant referred plaintiff's job application to the officials charged with selecting job candidates.  (Id. at ¶ 14). ANSWER noted this referral.  (Id.).  Plaintiff had a telephone interview with the selecting official and two other persons.[1]  (Id. at ¶ 15).  Plaintiff, who is black, was not offered the job.  (Id. at ¶ ¶ 8, 15).  Instead, defendant chose a white man for the position.  (Id. at ¶ 15).

On July 19, 2007, plaintiff, who was still waiting to hear about his application spoke with a human relations specialist working for the defendant.  (Id. at ¶ 16).  He learned that the position for which he had applied had been filled on January 23, 2007.  (Id.).  Plaintiff reviewed the status of his application on ANSWER on July 19, 2007; the system still recorded only that his application had been referred to the selecting official.  (Id. at ¶ 19).  Only on August 15, 2007 did the status of plaintiff's application change on ANSWER to reflect the fact that the position had been filled. (Id. at ¶ 18).  These messages indicating that the position had been filled were, however, dated January 23, 2007.  (Id. at ¶ 19).

On September 19, 2007, plaintiff contacted the Tobyhanna Equal Employment

---

[1] Plaintiff references two jobs in the beginning of the complaint, but his complaint addresses the denial of a particular job.  The court will therefore address the complaint as if it references only one denial of employment.

2

Opportunity Office to complain about being denied the job he had sought. (Id. at ¶ 21). When plaintiff did not receive any relief through this administrative measure, he filed a formal complaint. (Id. at ¶ 23). On November 20, 2007, the agency issued a final decision dismissing the plaintiff's complaint, ruling that he had failed to file a timely cause of action. (Id. at ¶ 24). Plaintiff then appealed to the Equal Employment Opportunity Commission ("EEOC"). (Id. at ¶ 25). The EEOC likewise concluded that plaintiff's complaint had been untimely filed. (Id. at ¶ 26). The EEOC denied plaintiff's request for reconsideration of their decision, and plaintiff received a copy of this decision on March 23, 2008.

Plaintiff filed the instant *pro se* complaint on June 23, 2008. The complaint alleges employment discrimination on the basis of race and seeks compensation, including back pay and interest for that discrimination and for the mental anguish the discrimination caused him.

**Jurisdiction**

As this case is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

The defendant seeks dismissal of the complaint pursuant to Federal Rule of

3

Civil Procedure 12(b)(6).[2]  When analyzing a 12(b)(6) motion to dismiss, all well-pleaded allegations of the complainant must be viewed as true and in the light most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-666 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curiam)). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)(citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  The complaint is properly dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**Discussion**

Defendant argues that plaintiff failed to file his complaint with the EEOC in a

---

[2]On alternative grounds, the defendant seeks to convert the motion to one for summary judgment by referring to matters outside the pleadings.  As the court finds that the defendant's motion can be granted with prejudice by referring to the allegations in the complaint, the court declines to address the motion for summary judgment.

timely fashion and therefore did not exhaust his administrative remedies. As such, defendant contends, plaintiff cannot bring a cause of action in this court.

The question of whether plaintiff timely filed his complaint with the EEOC is tied up with the requirement "of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997). Under the regulations promulgated by the EEOC, a complaint of discrimination must be raised with an Equal Employment Opportunity Counselor within 45 days of the alleged discriminatory action or within 45 days of the effective date of a personnel decision. See 29 C.F.R. § 1614.105(a)(1). If the plaintiff failed to file his administrative complaint in a timely fashion, he did not exhaust his administrative remedies and cannot bring suit in this court. See, e.g., Brown v. General Services Admin, 425 U.S. 820, 835 (1976) (dismissing case because plaintiff, a government employee, failed to file a timely administrative complaint).

Plaintiff brought his EEOC complaint more than forty-five days after the defendant's January decision not to hire him; the question in this case is thus when the plaintiff's claim accrued. The time limitations in federal employment discrimination cases "are not jurisdictional," but instead "analogous to a statute of limitations and are, therefore, subject to equitable modifications, such as tolling." Ohisver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). In most cases, "the statute of limitations begins to run as soon as the right to institute

5

and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations, [citations omitted] even though a person may not discover his injury until it is too late to take advantage of the appropriate remedy." Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). Still, an action thus accrues "not [on] the date which the wrong that injures the plaintiff occurs, but the date on which the plaintiff *discovers* that she has been injured." Ohisver, 38 F.3d at 1385 (3d Cir. 1994) (emphasis in original). Thus, the claim accrues in a federal discrimination claim "as soon as a potential plaintiff either is aware, or should be aware after a sufficient degree of diligence, of the existence and source of an actual injury." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 590 (3d Cir. 2005).

The injury in this case came when the defendant failed to hire the plaintiff. Defendant made this decision in January 2007, but did not inform plaintiff until he telephoned Depot officials in July 2007. Plaintiff admits that he was informed that he had not been hired on July 17, 2007.³ Since the wrong of which plaintiff complains is the failure of defendant to hire him, he became aware of the wrong on that date.

---

³Plaintiff argues that defendant back-dated several notations on ANSWER in an attempt to conceal the late date on which he received notification that he had not been selected for the position. He also contends that–as a person who had previously been employed by the federal government–he knew better than to believe a person who told him on the telephone that he had not been given the job, and that he needed a more "official" form of notice, such as an entry in ANSWER or a letter from Army officials. The question here, however, is when plaintiff became aware that he had not received the job, not when he received the form of notice that he preferred. Plaintiff's complaint makes clear that was (accurately) informed he had not received the job on July 17, 2007.

6

Because he knew who had failed to provide him with the job (the defendant), he also knew the source of his injury. Plaintiff's claim thus accrued on July 17, 2007.[4] Plaintiff then had forty-five days to raise his administrative complaint. He did not do so until September 19, 2007, sixty-two days after he became aware of his injury and its source. Accordingly, plaintiff's complaint was not timely filed with the EEOC and he failed to exhaust his administrative remedies. The court will therefore grant the defendant's motion to dismiss.

**Conclusion**

Because the plaintiff did not exhaust his administrative remedies by failing to

---

[4] Plaintiff cites to several EEOC cases which he contends supports his position that his claim did not accrue until he was aware that the person hired for the job was a white man. The Third Circuit Court of Appeals has been clear, however, that in an employment discrimination case, the claim accrues when the plaintiff suffers the adverse employment action at the hands of his employer, since "at that point [a plaintiff] [knows] both of his injury–the discharge–and the cause of his injury–[defendant's] decision to terminate his employment." Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 287 (3d Cir. 2003); see also Johnson v. Nicholson, 575 F.Supp.2d 683, 687 (E.D. Pa. 2008) (finding that the "forty-five day time period" for filing an administrative complaint "begins to run 'when the plaintiff knows or reasonably should know that the discriminatory act has occurred.'"). Moreover, the Supreme Court has emphasized that "the time for filing a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC) begins when the discriminatory act occurs." Ledbetter v. Goodyear Tire and Rubber Co., Inc., 550 U.S. 618, 127 S.Ct. 2162, 2165 (2007). The Court applies this rule to "any '[d]iscrete ac[t]' of discrimination, including discrimination in 'termination, failure to promote, denial of transfer, [and] *refusal to hire*.'" Id. (quoting National Railroad Passenger Corporation v. Morgan, 536 U.S. 101, 114 (2002)) (emphasis added). Here, when plaintiff found out that he had not been hired for the job by defendant, he knew of his injury and its source, and had been subjected to a discrete act of discrimination. Plaintiff did not need to know who had been hired for the job to know that he had been passed over, despite his qualifications. Whatever the EEOC said on the matter previous to Ledbetter and Morgan, the Supreme Court has been clear that a federal employment discrimination claim accrues when a plaintiff has knowledge of an adverse employment action, not when a plaintiff is aware of the intent behind that action.

7

file a timely administrative action, the court will grant the defendant's motion to dismiss.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WARREN K. GLADDEN,** | : | No. 3:08cv1180 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **PETE GEREN, Secretary, United States Department of Army,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 14th day of January 2009, the defendant's motion to dismiss (Doc. 6) is hereby **GRANTED**. The Clerk of Court is directed to **CLOSE** the case.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**